Argued and submitted September 30, 2004, affirmed February 16, 2005

ANGELA JO BOORMAN,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

A112391

106 P3d 180

Irene B. Taylor, Deputy Public Defender, argued the cause for petitioner. With her on the opening brief was David E. Groom, Acting Executive Director. On the reply brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Janet A. Metcalf, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

PER CURIAM

## PER CURIAM

Petitioner petitions for review of an order issued in 2000 by the Board of Parole and Post-Prison Supervision designating her a predatory sex offender (PSO). Petitioner raises two assignments of error. First, petitioner argues that the board did not provide her with notice and a hearing before designating her a PSO as required by *Noble v. Board of Parole*, 327 Or 485, 964 P2d 990 (1998). Second, petitioner argues that the board's designation of her as a PSO violated *ex post facto* principles. We affirm.

We decline to address the merits of either assignment of error because petitioner did not exhaust her administrative remedies. *See* ORS 144.335(1)(b) (judicial review of a final order may be sought if "[t]he person has exhausted administrative review as provided by board rule"). The board issued four orders before the 2000 order that clearly stated that petitioner had been designated a PSO. The first order was issued in 1997. Petitioner did not request administrative review of the 1997 order. Therefore, because petitioner failed to exhaust her administrative remedies, she is now precluded from seeking judicial review.

Affirmed.